XUE & ASSOCIATES, P.C.
Benjamin B. Xue, Esq.
401 Broadway, Suite 1009
New York, NY 10013
Tel.: 212-219-2275
Fax: 212-219-2276
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

LEE FUNG TRADING LTD.,

                              Plaintiffs,

    v.

SHANDONG DONGYUE INTERNATIONAL
TRADE & ECONOMIC COOPERATION
CO., LTD. and VEECO HOLDINGS, LLC,

                              Defendants.
-------------------------------------------------------------X

Index No.: 11-4436 (RMB)

**FIRST AMENDED COMPLAINT**

       Plaintiff LEE FUNG TRADING LTD., by and through its attorneys, Xue & Associates, P.C., as and for their Amended Complaint against Defendants, SHANDONG DONGYUE INTERNATIONAL TRADE & ECONOMIC COOPERATION CO., LTD. and VEECO HOLDINGS, LLC, brings this action to recover monetary damages against Defendant SHANDONG DONGYUE INTERNATIONAL TRADE & ECONOMIC COOPERATION CO., LTD. for breach of contract.

## JURISDICTION AND VENUE

    1.    This Court has original jurisdiction over the instant civil action pursuant to 29 U.S.C. §1332, because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

    2.    Plaintiff Lee Fung Trading Ltd., is incorporated in the State of New York and has its principal place of business in the State of New York.

1

3. Defendant Shandong Dongyue International Trade & Economic Cooperation Co., Ltd. ("Shandong"), is a corporation formed and with a principal place of business in China.

4. This Court has personal jurisdiction over Defendant Shandong pursuant to New York's Long-Arm statute, CPLR section 302(a)(1).

5. Defendant Shandong is a non-domiciliary and it has contracted to supply goods in New York State and this action arises out of that transaction or contract.

6. Veeco Holdings, LLC ("Veeco") is a New Jersey limited liability company that is solely named as a Defendant to provide the company notice of this lawsuit. Plaintiffs do not specifically make claims against Veeco, except that it is in possession of certain goods which are in dispute.

7. Venue is proper in this District pursuant to 2 U.S.C. §1391(b) because a substantial part of events or omissions giving rise to the claims occurred in this District.

**THE PARTIES**

8. At all relevant times herein, Plaintiff Lee Fung Trading Ltd. ("Plaintiff" or "Lee Fung"), maintained its principal place of business at 147 W. 35th Street, Suite 409, New York, NY 10001.

9. Defendant Shandong is and was at all relevant times herein engaged in the business of international trading of goods with a principal place of business in Jinan, China.

10. Defendant Veeco is a New Jersey limited liability company located at 6801 Westside Ave., North Bergen, NJ 07047.

**FACTS COMMON TO ALL COUNTS**

11. On or about November 22, 2010, Plaintiff and Defendant Shandong entered into an agreement for the purchase of 37,500 sets of 96% cotton Lady's Suits, 25,500 sets of 4% spandex Lady's Suits, and 37,500 sets French Terry 240 g/m2 Lady's Suits. The cost of the

goods was $442,500, $300,900, and $442,500, respectively. The total contract amount was $1,185,900.

12. Plaintiff advanced about $20,000 in cost to obtain a letter of credit to assure payment.

13. Pursuant to the contract the first 50,000 units of goods were to be delivered by January 30, 2011.

14. The contract between Plaintiff and Defendant Shandong provides that if the seller breaches its duties, the Defendant Shandong shall pay 20% of the total amount in the contract to the buyer as liquidated damages.

15. The first 50,000 units were not delivered until in or about the end of February 2011, approximately one month after the date required for delivery in the contract.

16. When the goods arrived, Plaintiff's representative inspected the goods. It was determined that the goods did not conform to those promised to be delivered. Plaintiff's representative filled out a bill of inspection which indicated all of the alleged defects in the goods.

17. There were numerous defects in the goods, including (1) many of the units had pants and tops that did not match in color; (2) there were holes in many pieces of clothing; (3) there were problems with zippers in that both sides of the zippers did not match up correctly; and (4) the goods were of poor construction, and had no post-production trimming or cleaning.

18. The contract provides that "the seller noticed [sic] that the goods covered by the contract will be sold in USA. The marketing in USA will be influenced directly by the quality, quantity and with delivery time. Therefore, herewith the seller promised seriously to make delivery on time, in fully quantity and with accepted quality, otherwise seller will regard the economical loss due to the breaching of buyer to his clients caused by above-mentioned reason

3

as the reasonable loss which can be predicated by seller, and will be willing to bear the loss totally."

19. Plaintiff has suffered economic loss since it has lost business, profits, customers, and orders due to the defective shipment which arrived late and contained non-conforming goods. Plaintiff has also been damaged in the amount of $20,000, the cost it advanced to obtain the letter of credit.

## FIRST CAUSE OF ACTION

## BREACH OF CONTRACT

20. Plaintiff repeats and realleges each and every allegation as set forth in Paragraph 1 through Paragraph 19 above as if fully restated herein.

21. A valid and enforceable contract was formed between Plaintiff and Defendant Shandong for the shipment of goods to Plaintiff. The contract dated November 22, 2010 memorialized the terms of the agreement between the parties.

22. The contract was supported by good and sufficient consideration in the form of Plaintiff's promises to pay for the goods and Defendant's shipping of the goods.

23. Plaintiff performed all of its duties under the contract.

24. The failure of Defendant Shandong to tender goods in conformity with the contract amounted to a breach of its duties and obligations under the contract.

25. The failure of Defendant Shandong to tender goods in the time required by the contract also amounted to a breach of its duties and obligations under the contract.

26. Defendant's non-conformity substantially impaired the value of the goods and has prevented Plaintiff from selling the goods to its customers. Once the goods were delivered, Plaintiff timely inspected the goods and determined that they were defective and not in conformity with the contract. Plaintiff rejected the shipment of goods.

27. The damages Plaintiff suffered were a direct consequence of Defendant Shandong's breach and were reasonably foreseeable to the Defendant at the time of contract.

28. The damages Plaintiff suffered with respect to loss of profits from its customers was also foreseeable as such was even set forth in the contract.

29. The contract provides that in the event Defendant Shandong breaches its obligations under the contract it shall pay 20% of the total amount in the contract to Plaintiff as liquidated damages

30. The total contract amount was $1,185,900. 20% of that amount is $237,180.

31. Thus, Defendant Shandong is liable to Plaintiff in the amount of $237,180.

32. Plaintiff was further damaged as it has incurred costs, expenses and attorneys' fees in amounts to be determined at trial together with interest thereon.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant Shandong as follows:

1. For compensatory, liquidated, and consequential damages in the amount of approximately $237,180, together with interest in an amount to be determined at trial;

2. For cost, expenses and attorneys' fees incurred in this action; and

3. For such other and further relief as the Court may deem just and proper.

Dated: July 28, 2011
New York, New York

Xue & Associates, P.C.
*Attorneys for Plaintiff*

By: _____
Benjamin B. Xue, Esq.
401 Broadway, Suite 1009
New York, NY  10013
Tel.: (212) 219-2275

5